**YE FANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–2259–ag.

United States Court of Appeals, Second Circuit.

July 13, 2007.

Farah Loftus, Los Angeles, CA, for Petitioner.

Jeffrey A. Taylor, United States Attorney; Madelyn Johnson, Assistant United States Attorney; Sherease Louis, Special Assistant United States Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Ye Fang, a citizen of the People's Republic of China, seeks review of an April 7, 2004 order of the BIA, affirming the February 12, 2003 decision of Immigration Judge ("IJ") Robert D. Weisel, denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ye Fang,* No. A78 848 940 (B.I.A. Apr.

448

7, 2004), *aff'g* No. A78 848 940 (Immig. Ct. N.Y. City Feb. 12, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirement that on appeal to the BIA, she raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). Thus, as a matter of statutory jurisdiction, where a petitioner failed to raise a category of relief—e.g., asylum, withholding of removal, or CAT relief—in her brief to the BIA, this Court is without jurisdiction to consider any challenge to the denial of that relief. 8 U.S.C. § 1252(d)(1).

■ Here, we lack jurisdiction to review Fang's withholding of removal and CAT claims because those claims for relief were not exhausted before the BIA. Accordingly, we review only the denial of Fang's application for asylum.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ We find that the IJ's adverse credibility determination is not supported by substantial evidence. While an adverse credibility determination may be based on the inherent implausibility of particular allegations, a finding of implausibility must not be based on flawed reasoning, speculation or conjecture. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 (2d Cir.2006). Here, the IJ impermissibly speculated that Fang's Falun Gong practice could not be discovered because Fang did not practice in public and her mother was unaware of her practice. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir. 2007). The record provides no basis for such an inference. Therefore, the IJ was unreasonable in finding that Fang's testimony was implausible. *See Dong Gao v. BIA,* 482 F.3d 122, 133 (2d Cir.2007).

■ We also find that the IJ's alternative burden of proof determination was not supported by substantial evidence. Although the IJ was reasonable in finding that Fang had not been persecuted, his finding that Fang did not have a well founded fear of future persecution is not supported by substantial evidence. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002); *see also Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The IJ erred in finding that because Fang's Falun Gong practice was done in private, and "there was no indication on her part that she had any intention of doing it outside her house," she was "not the type of individual that the police would be interested in harming." The IJ also characterized Fang's Falun Gong practice as that of a "summer soldier" and described her as "not a serious devotee." However, it is irrelevant how dedicated a Falun Gong practitioner Fang is, or where and how often she practiced

Falun Gong. *See Yose Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). Instead, the relevant inquiry is whether the government considers Fang a Falun Gong practitioner and would persecute her on that ground. *See Ramsameachire,* 357 F.3d at 178. Assuming her credibility, Fang testified that the government considered her a Falun Gong practitioner and had sought her on that basis, and that she continues to practice in the United States. The evidence in the record suggests that Fang has a reasonable fear of harm if she returned to China. Therefore, the agency erred in finding that Fang did not have a well founded fear of persecution in China.

For the foregoing reasons, the petition for review is DISMISSED in part, and GRANTED in part. The order of the BIA is VACATED and the case is REMANDED for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.